**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADIL RAZIEV** | ) | |
| | ) | |
| Plaintiff, | ) | NO. |
| v. | ) | |
| | ) | |
| **COMPASS TRUCK SALES, LLC** and | ) | |
| **ALEX PETRUSHEVSKI** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

**NOW COMES** the Plaintiff, **ADIL RAZIEV** (hereinafter "**RAZIEV**"), by and through his attorneys, **TODD C. LYSTER & ASSOCAITES**, and as his Complaint against the Defendants, **COMPASS TRUCK SALES, LLC** (hereinafter "**COMPASS**") and **ALEX PETRUSHEVSKI** (hereinafter "**PETRUSHEVSKI**") states as follows:

1.     Jurisdiction is based on **49 U.S.C. Section 32710 (ODOMETERS)**.

2.     Venue is proper pursuant to **28 U.S.C. Section 1391.**

3.     That the Plaintiff, **ADIL RAZIEV**, resides in the County of Cook, State of Illinois.

4.     That the Defendant, **COMPASS TRUCK SALES, LLC**, is a Limited Liability Company organized under the laws of the State of Illinois with its principal place of business located at **15 W 580 N. Frontage Road, Burr Ridge, Illinois 60527**.

5.     That the Defendant, **ALEX PETRUSHEVSKI**, is believed to reside in the County of Cook and at all times mentioned herein, was employed by **COMPASS TRUCK**

1

**SALES, LLC** as a Manager (See attached **Exhibit A**). At all times relevant he was acting within the scope of his employment with **COMPASS TRUCK SALES, LLC**

6.    That **LINAS JAKOVLEVAS** was a Sales Consultant for **COMPASS TRUCK SALES, LLC** (See attached **Exhibit B**).

7.    That the **PLAINTIFF**, **ADIL RAZIEV**, purchased a **2006 Volvo Tractor Truck, Model VNL, VIN #4V4NC9GH06N401139** from the Defendant, **COMPASS TRUCK SALES, LLC.**

8.    That at the time of the purchase, **LINAS JAKOVLEVAS** and/or **ALEX ALEX PETRUSHEVSKI** made representations to the **PLAINTIFF** that said Tractor Trailer Truck only had **459,000 miles** on the odometer which was covered by the **Manufacturer's Warranty** (up to **500,000 miles**) and, therefore, it was priced at **Forty One Thousand and 00/100 Dollars ($41,000.00).**

9.    The Plaintiff relied upon the representation of the **mileage of 459,000,** and that the **Manufacturer's Warranty** was still in effect at the time of the purchase.

10.    The Plaintiff made a down payment of **Twelve Thousand and 00/100 Dollars ($12,000.00),** leaving a balance of **Twenty Nine Thousand and 00/100 Dollars ($29,000.00)** owing to the Defendant, **COMPASS TRUCK SALES, LLC.**

11.    Subsequently, the **PLAINTIFF** learned through the **Volvo** dealership located in **Summit, Illinois** that the aforementioned vehicle actually had at least **588,000 miles** on it, notwithstanding the fraudulent misrepresentations made to the Plaintiff by **LINAS JAKOVLEVAS** and/or **ALEX PETRUSHEVSKI** on behalf of **COMPASS TRUCK SALES, LLC.**

2

12.     The Plaintiff then returned to **COMPASS** and spoke to **Mr. ALEX PETRUSHEVSKI** and inquired why he had understated the mileage on the truck he purchased from **COMPASS.** His reply was that "**you cannot prove anything**".

13.     The Plaintiff then contacted the previous owner of the aforementioned Tractor Trailer, **Mr. VLADI G. CHOUMANOV** who advised him that he had sold the Tractor Trailer to **COMPASS** on **March 2, 2012** (See attached **Exhibit C)** .

14.     The previous owner, **VLADI G. CHOUMANOV**, was the owner of **PERFECT TEN LOGISTICS, INC**. and had advertised the Tractor Trailer for sale on the Internet. Attached hereto as **Exhibit D** is a copy of said advertisement. It shows under detailed description that the truck had **588,000 miles** on it.

15.     Upon information and belief, when the above truck was in control and custody of the Defendants, the odometer was turned back.

16.     The Plaintiff again returned to **COMPASS** and again spoke to **Mr. ALEX PETRUSHEVSKI** and showed him copies of **Exhibits C and D**.  **ALEX's** behavior changed dramatically and he offered to return to the **PLAINTIFF** all of his money.

17.     The Plaintiff would not have purchased the Tractor Trailer for **Forty One Thousand and 00/100 Dollars ($41,000.00)** if he had known that the true mileage of the vehicle was actually **588,000 miles**.

18.     Upon information and belief, Plaintiff alleges that the odometer on the **2006 Volvo Tractor Truck, Model VNL, VIN #4V4NC9GH06N401139** was illegally turned back by **COMPASS** and/or its agents and employees after it was purchased on **March 2, 2012,** all in violation of US Code, 49 U.S.C. 327 et. seq.  which states in part as follows:

3

**§32703. Preventing tampering.**
**"A person may not –**
**… (2) disconnect, reset, alter, or have disconnected, reset,**
**or altered, an odometer of a motor vehicle intending to**
**change the mileage registered by the odometer."**

**§32710. Civil actions by private persons.**
**"(a) VIOLATION AND AMOUT OF DAMAGES. – A person**
**that violates this chapter or a regulation prescribed  or**
**order issued under this chapter, with intent to defraud,**
**is liable for 3 times the actual damages or $1,500.00,**
**whichever is greater.**
**(b) CIVIL ACTIONS. – A person may bring a civil action**
**to enforce a claim under this section in an appropriate**
**United States district court or in another Court of**
**competent jurisdiction. The action must be brought**
**no later than 2 years after the claim accrues. The court**
**shall award costs and a reasonable attorney's fee to**
**the person when a judgment is entered for that person".**

**19.**    That this Court has jurisdiction over this matter pursuant to **49 U.S.C 32710**.

**20.**    That the Plaintiff has been damaged in that the true value of the vehicle that he purchased was worth less than the amount he paid for it, namely, **Forty One Thousand and 00/100 Dollars ($41,000.00).**

**WHEREFORE**, the Plaintiff, **ADIL RAZIEV**, prays for relief as follows:

**A.** That a Judgment in an amount to be determined by the Court be entered against the Defendants and in favor of the Plaintiffs for all damages sustained; and

4

**B.** That said amount be tripled pursuant to Section 32710 (a);

**C.** That the Plaintiff's reasonable attorney's fees and costs be awarded to the Plaintiff;

**D.** That the Court enter such other and further Judgments as it deems necessary and just.

Respectfully Submitted,

**ADIL RAZIEV**

BY:     s/ TODD C. LYSTER
       **TODD C. LYSTER,**
       Attorney for Plaintiff

**Todd C. Lyster & Associates**
**221 North LaSalle Street**
**Suite 2040**
**Chicago, Illinois 60601**
**(312) 855-0875**
**Attorney Code 26312**

5