# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADIL RAZIEV, <br>     Plaintiff, <br><br> v. <br><br> COMPASS TRUCK SALES, LLC and <br> ALEX PETRUSHEVSKI, <br>     Defendants. | ) <br> ) <br> )    Case No. 13 C 737 <br> ) <br> ) <br> )    Magistrate Judge Geraldine Soat Brown <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adil Raziev alleges that defendants Compass Truck Sales, LLC ("Compass") and its manager Alex Petrushevski rolled back the odometer on a truck sold to Raziev. Raziev has brought a seven-count complaint alleging a claim under the Federal Odometer Act, 49 U.S.C. §§ 32701-32711, and various state-law claims. (Am. Compl.) [Dkt 27.] Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6). (Defs.' Mot.) [Dkt 32.] Raziev has responded (Pl.'s Resp.) [dkt 35], and defendants have replied (Defs.' Reply) [dkt 38]. The court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and the parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636. [Dkt 11.] For the following reasons, defendants' motion is granted in part and denied in part.

1

## Background

The following facts are taken from the allegations in Raziev's complaint and are accepted as true for the purposes of deciding this motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). Raziev alleges that on March 5, 2012, Compass sales consultant Linas Jakovlevas showed Raziev a computerized listing for a 2006 Volvo truck which indicated that the truck had 459,000 miles on the odometer. (Am. Compl. ¶¶ 6-8.) Jakovlevas and Petrushevski made representations to Raziev that the truck was covered by the manufacturer's warranty because it had been driven less than 500,000 miles. (*Id.* ¶ 11.) Relying on these representations, Raziev agreed to a purchase price of $41,000 for the truck and made a $12,000 down payment. (*Id.* ¶¶ 12-13.)

Raziev later learned from a Volvo dealership that the truck actually had been driven 588,000 miles. (*Id.* ¶ 14.) Raziev has obtained a service history for the truck dated February 11, 2010, listing the mileage at 507,820. (*Id.* ¶ 15.) Raziev also contacted the previous owner of the truck who advised Raziev that before selling the truck to Compass on March 2, 2012, he had advertised the truck as having 588,000 miles on it. (*Id.* ¶¶ 17, 18.) According to Raziev, while the truck was in control of the defendants, the odometer was rolled back. (*Id.* ¶ 19.) Raziev claims that he would have never purchased the truck had he known the true mileage of the truck. (*Id.* ¶ 21.)

## Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. As the Seventh Circuit has stated:

> A complaint will withstand a motion to dismiss [under Rule 12(b)(6)] if it provides a short and plain statement of the claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with fair notice of the claim and its basis. In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief.

*INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 497-98 (7th Cir. 2009) (citations and quotations omitted).

## Discussion

**I.     All Counts**

Defendants argue that all counts of the complaint should be dismissed because Raziev has incurred no "loss or actual damages." (Defs.' Mot. ¶¶ 11-12.) To support their argument, defendants have attached an affidavit from a Compass employee with corresponding exhibits that show that the truck was totaled in September 2012, and when it was totaled, the insurer valued the truck at $41,000. (*Id.*, Ex. B.) Thus, according to defendants, because the insurer valued the truck at the price at which it was sold to Raziev, the entire complaint must be dismissed because Raziev was not harmed by the allegedly increased mileage on the truck. (*Id.* ¶ 11.)

Defendants' motion is styled as a motion to dismiss under Rule 12(b)(6). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). Under

Rule 12(d), if materials outside the pleadings are considered by the court, the motion must be treated as a motion for summary judgment under Rule 56, and all parties must be given an opportunity to present their relevant evidence. Fed. R. Civ. P. 12(d).

The affidavit and accompanying documents are outside the scope of the complaint, and by not styling their motion as one for summary judgment, defendants have not provided adequate notice to Raziev of their intent to seek summary judgment. *See Tri-Gen Inc. v. Intl. Union of Operating Engs. Loc. 150,* 433 F.3d 1024, 1029 (7th Cir. 2006). The court declines to convert this motion into a summary judgment motion, and therefore will not consider the affidavit and corresponding exhibits. Therefore, defendants' argument that Raziev suffered no actual damages will not be considered at this stage in the litigation.[1]

## II.     Count I: Federal Odometer Act

Raziev alleges that defendants have violated the "Preventing Tampering" section of the Federal Odometer Act, 49 U.S.C. § 32703(2), which provides that "a person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered an odometer of a motor vehicle intending to change the mileage registered by the odometer." (Am. Compl. ¶ 26.)

Under the section of the Federal Odometer Act titled "Disclosure requirements on transfer of motor vehicles," the statute provides that "[t]he Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements." 49 U.S.C. § 32705(a)(5). Under that authority, the Secretary has issued 49 C.F.R. § 580.17(a)(1), which states that transferors

---

[1] Further, it should be noted that not all of the counts of the complaints require actual damages. *See* 49 U.S.C. § 32710 (providing for statutory damages).

"need not disclose" the odometer mileage for vehicles "having a Gross Vehicle Weight Rating . . . of more than 16,000 pounds."

Defendants argue that the regulation precludes "any claim" under the Federal Odometer Act that they "misrepresented the actual mileage" because the truck's Gross Vehicle Weight Rating exceeds 16,000 pounds. (Defs.' Mot. ¶¶ 13, 20.) For the proposition that the truck weighs more than 16,000 pounds, defendants impermissibly rely on the aforementioned employee affidavit and accompanying exhibits. (*Id.* ¶ 16.) That being said, one of the exhibits attached to Raziev's complaint does indicate that the truck weighs more than 16,000 pounds, and thus defendants' argument can be properly addressed on this motion. (Am. Compl., Ex. E.)

Citing an unpublished Eighth Circuit decision, defendants argue that the regulation exempts defendants from both disclosing the odometer reading and from making false statements about the odometer. (Defs.' Mot. ¶¶ 17-20 (citing *Midwestern Motor Coach Co. v. Gen. Elec. Co.,* 289 Fed. Appx. 958, 959 (8th Cir. 2008)). There is disagreement among courts about whether the regulation not only exempts disclosure of the odometer, but also false statements about the odometer. *Compare Midwestern Motor Coach Co.,* 289 Fed. Appx. at 959 (finding that if a seller is exempt from disclosure requirements, seller is also exempt from making false disclosures), *with Coleman v. Lazy Days RV Ctr., Inc.*, No. 8:05-cv-00930-T-17-TBM, 2006 WL 2131303 at *3-4 (M.D. Fla. Mar. 31, 2006) (holding that "when a seller does nevertheless voluntarily disclose [an odometer reading], the statement must be accurate and truthful").

Raziev responds by citing *Dierson v. Chicago Car Exch*., 110 F.3d 481, 486 (7th Cir. 1997), which held that a prior regulation exempting certain classes of vehicles from disclosure requirements was invalid because the Secretary had no statutory authority to issue the regulation. (Pl.'s Resp. ¶

5

20.) In response to *Dierson* and other court decisions, Congress added § 32705(a)(5) to specifically allow the Secretary to exempt certain classes of vehicles from the disclosure requirements. Transportation Equity Act for the 21st Century, Pub. L. No. 105-178, § 7105, 112 Stat. 107, 467 (1998); *see also Beam v. Domani Motor Cars, Inc.*, 922 F. Supp. 2d 1338, 1343 (S.D. Fla. 2013).

Raziev's claim that defendants tampered with the odometer, however, still survives even with the regulation. (Am. Compl. ¶ 19.) By the language of the statute and the regulation, the exemption relied on by defendants only applies to the disclosure section of the statute, 49 U.S.C. § 32705, and not the tampering section, 49 U.S.C. § 32703. *See Beam*, 922 F. Supp. 2d at 1343-44 (holding that disclosure exemption does not apply to claims of tampering under § 32703); *cf. Katz v. Orlick*, No. 93 C 757, 1993 WL 149021 at *3 (N.D. Ill. May 4, 1993), *aff'd*, 89 F.3d 838 (table), 1996 WL 225716 (7th Cir. 1996) (holding that disclosure exemption does not apply to tampering claim under earlier but substantially similar verison of the Federal Odometer Act). Therefore, the regulation is immaterial to Raziev's claim that defendants rolled back the odometer. Accordingly, defendants' motion is denied with respect to Count I.

### III. Count II: 720 Ill. Comp. Stat. § 5/17-11

Count II alleges a violation of 720 Ill. Comp. Stat. § 5/17-11 which provides criminal penalties for disconnecting, resetting or altering an odometer. (Am. Compl. ¶¶ 31-33.) Defendants argue that the complaint must be dismissed because the statute provides no civil remedy. (Defs.' Mot. ¶ 21.) In response, Raziev argues that "[i]t is implied and/or inherent that a private person has a civil cause of action in regard to the Criminal Statute that was designed specifically for an injury to a person." (Pl.'s Resp. ¶ 21.) Raziev has not cited nor can the court find any case implying a right

6

of action under the statute.

Under Illinois law,

> [i]mplication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute.

*Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1117-18 (Ill. 1999). Raziev's claim stumbles at part four of the test. First, Illinois has a statute that provides an explicit civil remedy for odometer-related fraud. *See* 625 Ill. Comp. Stat. § 5/3-112.1.[2] Further, the other state law causes of action stated in Raziev's complaint demonstrate that he has an adequate remedy to enforce violations of the criminal statute even in the absence of a private right of action. Accordingly, with respect to Count II, defendants' motion is granted, and Count II is dismissed with prejudice.

### IV. Count III: Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill Comp. Stat. § 505/1-12.

Defendants argue that Raziev's claim under the Illinois Consumer Fraud and Deceptive Practices Act ("Consumer Fraud Act"), 815 Ill. Comp. Stat. §§ 505/1-12, must be dismissed because "'[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act.'" (Defs.' Mot. ¶ 23 (quoting *Avery v. State Farm Mut. Automobile Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005)); *see also Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) ("[A] consumer-fraud claim under the statute requires something more than a garden-variety breach

---

[2] Defendants contend that they are exempt from the Illinois civil statute because the vehicle exceeds 16,000 pounds. (Defs.' Mot. ¶ 22.) As Raziev is not seeking to recover under the state civil statute, that argument does not need to be addressed here.

of contract.").

The Consumer Fraud Act proscribes

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 Ill. Comp. Stat. § 505/2.

Although not raised by Raziev, it is worth noting that outside defendants' argument discussed above that Raziev suffered no actual loss, defendants have not sought to separately dismiss Raziev's count for common-law fraud. (Am. Compl. ¶¶ 40-42.) This is curious because the Illinois Supreme Court has stated that "so long as the alleged deception occurred in a course of conduct involving trade or commerce, facts satisfying a claim for common law fraud will necessarily satisfy a claim under the [Consumer Fraud] Act." *Siegel v. Levy Org. Develop. Co.*, 607 N.E.2d 194, 198 (Ill. 1992).

In any event, Raziev has alleged facts sufficient to make a Consumer Fraud Act claim. According to Raziev, defendants concealed the true mileage of the truck by rolling back the odometer and made intentionally false representations about the mileage on the truck and its warranty eligibility. (Am. Compl. ¶¶ 12, 19.) Absent those false representations, Raziev claims that he would not have purchased the truck at the price at which he did. (*Id.* ¶ 21.) Defendants' alleged deceptive behavior constitutes more than a simple breach of contractual promise and adequately states a claim under the Consumer Fraud Act. *See, e.g., Pappas v. Pella Corp.*, 844 N.E.2d 995, 999-1000 (Ill. App. 1st Dist. 2006) (finding that plaintiffs had adequately stated a claim under

8

Consumer Fraud Act when they alleged that they would have not purchased the windows at issue had defendants disclosed certain known material facts about the windows).

IV.  **Count VI: Negligent Misrepresentation**

Defendants argue that because Raziev is seeking only economic damages, he cannot recover under a negligent misrepresentation theory. (Defs.' Mot. ¶ 26.) Under the economic loss doctrine, absent personal injury or property damage, purely economic losses are not recoverable in tort actions. *Moorman Mfg. Co. v. Natl. Tank Co.*, 435 N.E.2d 443, 452 (Ill. 1982). The Illinois Supreme Court has articulated three exceptions to this rule, only one of which potentially applies to Raziev's count for negligent misrepresentation: the economic loss rule does not apply "where the plaintiff's damages are a proximate result of a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *In re Ill. Bell Switching Station Litig.,* 641 N.E.2d 440, 443-44 (Ill. 1994).[3] Under that exception "when the information offered by the defendant relates to the defendant's tangible goods and/or non-informational goods or services, the information is considered merely ancillary or incidental, and the defendant is not deemed to be in the business of providing information and is not liable for negligent misrepresentation." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 823 N.E.2d 168, 179 (Ill. App. 1st Dist. 2005).

Raziev argues that defendants have breached an extra-contractual duty, and cites a case holding that an insurance broker who had lied about obtaining insurance for his clients had breached

---

[3] Another exception to the economic loss doctrine is for a claim of intentional misrepresentation or fraud, which as mentioned above, Raziev has also alleged and defendants have not challenged in their motion. *See In re Ill. Bell Switching Station Litig.,* 641 N.E.2d at 443-44.

his duty to observe reasonable professional competence that was independent of a contractual relationship. (Pl.'s Resp. ¶¶ 25-26 (citing *Kanter v. Deitelbaum*, 648 N.E.2d 1137, 1139 (Ill. App. 1st Dist. 1995)). Here, however, defendants are sellers of trucks, and are not professionals or fiduciaries like accountants, attorneys, or insurance brokers who provide mostly information rather than a tangible product for their clients. *See Fox Assocs., Inc. v. Robert Half Intl., Inc.*, 777 N.E.2d 603, 607-08 (Ill. App. 1st Dist. 2002) (distinguishing purveyors of "purely information" products who are not subject to economic loss doctrine and "manufacturers and sellers of tangible goods" who are subject to the economic loss doctrine). Accordingly, the economic loss doctrine bars Raziev's negligent misrepresentation count, and Count VI is dismissed with prejudice.

**Conclusion**

For the aforementioned reasons, defendants' motion to dismiss is granted with respect to Counts II and VI and denied with respect to the remaining counts of the amended complaint. Counts II and VI are dismissed with prejudice. Defendants must answer the amended complaint no later than October 1, 2013

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: September 10, 2013