**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADIL RAZIEV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 13 C 737** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **COMPASS TRUCK SALES, LLC, and** | ) | |
| **ALEX PETRUSHEVSKI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is plaintiff Adil Raziev's motion to strike affirmative defenses raised by

defendants Compass Truck Sales, LLC ("Compass") and its manager Alex Petrushevski. (Pl.'s

Mot.) [Dkt 50.] Defendants oppose the motion. (Defs.' Resp.) [Dkt 62.] The court has jurisdiction

under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and the parties have consented to the jurisdiction of

the magistrate judge under 28 U.S.C. § 636. [Dkt 11.] For the following reasons, Raziev's motion

is denied.

**Background**

The facts summarized here are discussed further in this court's earlier order addressing

defendants' motion to dismiss. *Raziev v. Compass Truck Sales, LLC*, No. 13 C 737, 2013 WL

4846894 (N.D. Ill. Sept. 10, 2013). Raziev sued Compass and Petrushevski under the Federal

Odometer Act, 49 U.S.C. §§ 32701-32711, and various state laws, including the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 Ill. Comp. Stat. § 505/1, *et seq*. (Am. Compl. ¶¶ 25-30, 34-36.) [Dkt 27.] Raziev alleges that he agreed to buy a 2006 Volvo truck after Petrushevski and another Compass employee falsely represented that the truck had an odometer reading of 495,000 miles and a continuing warranty. (*Id.* ¶¶ 6-13.) Raziev agreed to pay $41,000 for the truck and made a $12,000 down payment before learning from other sources that the truck actually had 588,000 miles on its odometer. (*Id.* ¶¶ 12-18.) Razeiv claims that the defendants tampered with the odometer by rolling it back and that he would not have bought the truck if he had known its true mileage. (*Id.* ¶¶ 19, 21.)

On September 10, 2013, the court granted in part and denied in part defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Raziev*, 2013 WL 4846894 at *1. In doing so, the court rejected the defendants' arguments that the complaint should be dismissed because Compass is exempt from the Federal Odometer Act and Raziev suffered no actual damages. *Id.* at *2-3. Because those two arguments also were raised as affirmative defenses in the defendants' answer to Raziev's complaint (Defs.' Ans. at 10-11) [dkt 49], Raziev now moves to strike the two defenses.

**Legal Standard**

The court may strike insufficient affirmative defenses under Fed. R. Civ. P. 12(f). Motions to strike, however, "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations omitted). Motions to strike are useful primarily to expedite and "remove unnecessary clutter from

the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *accord FDIC v. Mahajan*, 923 F. Supp. 2d 1133, 1136 (N.D. Ill. 2013).

**Discussion**

**I. First Affirmative Defense: Exemption from the Odometer Act**

As to defendants' first affirmative defense—that federal law exempts them from the requirement to disclose the truck's odometer reading—Raziev correctly points out that this court previously refused to dismiss the federal claim on that basis because the exemption "only applies to the disclosure section of the statute, 49 U.S.C. § 32705, and not the tampering section, 49 U.S.C. § 32703." *Raziev*, 2013 WL 4846894 at *3. Raziev is mistaken, however, that the court's earlier ruling renders the exemption irrelevant to this case. Although the exemption does not apply to Raziev's allegations of tampering, he also alleges that, in addition to tampering, the defendants falsely represented the truck's mileage. (Compl. ¶¶ 27-29.) Raziev may be making this allegation only to show that defendants acted "with intent to defraud," as required for an award of treble damages under 49 U.S.C. § 32710(a), but the same allegation could support a claim that defendants gave "a false statement" in violation of § 32705(a)(2). There is a split of authority about whether the weight-based exemption from the disclosure requirements also exempts false statements. *See Raziev*, 2013 WL 4846894 at *3. Because the exact contours of Raziev's allegations about false statements have not been defined, it would be premature to strike the affirmative defense.

## II.     Second Affirmative Defense: No Actual Damages

Defendants' second affirmative defense alleges that Raziev "has suffered no actual damages." (Defs.' Ans., Second Aff. Def. ¶¶ 1-3.)  The truck was declared a total loss after it was involved in a collision in September 2012.  Despite the allegedly increased odometer reading, the insurance company valued it at the purchase price of $41,000 and paid that amount less a $1,000 deductible. (*Id.* at ¶ 1.)  The court previously refused to dismiss the complaint on this basis because defendants' argument in its motion to dismiss relied on documents "outside the scope of the complaint." *Raziev*, 2013 WL 4846894 at *2.  The court also noted that some of Raziev's claims do not require actual damages.  *Id.* at n. 1 (citing 49 U.S.C. § 32710).

Raziev now argues that the court's ruling somehow precludes that argument as an affirmative defense. (Pl.'s Mot. ¶ 11.)  Nothing in the earlier decision, however, forecloses the possibility that this defense, if supported by evidence at summary judgment, might defeat at least some of Raziev's claims.  Thus, Raziev's argument to strike this defense based on this court's earlier ruling is unpersuasive.

Raziev also mounts a challenge to the defense based on Illinois's "collateral source rule," which holds that "benefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor." *Wills v. Foster*, 892 N.E.2d 1018, 1022 (Ill. 2008) (quotations omitted).  Raziev argues that, because the insurance proceeds came from a source independent from the defendants, the insurance payout is irrelevant to this case. (Pl.'s Mot. ¶ 12-14.)

In response, the defendants contend that their second affirmative defense is still relevant because incurring "actual damages" is a statutory requirement of the Consumer Fraud Act.  (Defs.'

Resp. ¶ 18.) Defendants note that, under § 10a(a) of the Act, recovery is allowed only by someone "who suffers actual damages as a result of a violation of [the] Act." 815 Ill. Comp. Stat. § 505/10a(a).

Defendants' interpretation of the Consumer Fraud Act as imposing a statutory requirement of actual damages is bolstered by *Avery v. St. Farm Mut. Automobile Ins. Co.*, 835 N.E.2d 801, 859 (Ill. 2005). In *Avery*, the Illinois Supreme Court addressed a claim under the Act that an insurer misrepresented the quality of parts used to repair a plaintiff's vehicle. *Id.* The problem for the plaintiff was that he sold the vehicle in question after the allegedly deficient repair and testified that the allegedly inferior parts had not been a factor in the sale. *Id.* Citing § 10a(a), the Court concluded that the plaintiff could not succeed under the Act because he had failed to show that he suffered any actual damages. *Id.* According to defendants, Raziev's claim under the Consumer Fraud Act shares the same defect as the claim in *Avery* because Raziev has received payment for his vehicle (the insurance proceeds) without regard to the alleged odometer tampering.

In light of *Avery*, defendants' second affirmative defense must survive Raziev's motion to strike. Neither party has cited any decision that clearly addresses the interplay of the collateral source rule and § 10a(a) of the Consumer Fraud Act. *Avery* suggests that, even if the collateral source rule protects plaintiffs from having their damages offset by insurance proceeds in a typical tort action, the rule may not preserve their ability to sue under the Consumer Fraud Act. It is too soon, however, to rule on this defense at this stage, when discovery is ongoing. It may turn out that Raziev's insurer, like the buyer in *Avery*, did not know about the alleged odometer tampering when it covered Raziev's losses after the collision or knew about the allegations but did not change its coverage decision as a result. In either scenario, *Avery* poses a possible hurdle for Raziev's claim

under the Consumer Fraud Act. Accordingly, Raziev's request to strike defendants' second affirmative defense is denied.

**Conclusion**

For the reasons stated above, Raziev's motion to strike defendants' affirmative defenses [dkt 50] is denied.

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: January 16, 2014